UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC ALLEN PERRY,

       Petitioner,

                                      Civil No.: 04-40237
                                      Criminal No.: 00-CR-50071-02

vs.                                    DISTRICT JUDGE PAUL V. GADOLA
                                      MAGISTRATE JUDGE STEVEN D. PEPE

UNITED STATES OF AMERICA,

       Respondent.
_____/

**OPINION AND ORDER ON
PETITIONER'S MOTION FOR LEAVE TO AMEND THE PENDING 2255 (DKT. #68)**

On September 14, 2006, Petitioner's retained counsel filed a "Combined Request to vacate the Order of Reference and Motion for Leave to Amend the pending 2255 and Petitioner's Amended Argument to His Pending 2255 Petition." (Dkt. #64). The court denied the combined motion without prejudice, ordering Petitioner's counsel to submit a separate motion to vacate the order of reference and a separate motion to amend with supporting brief, as required by Local Rule 7.1, Eastern District of Michigan (Dkt. #66). Petitioner's counsel subsequently filed a Motion for Leave to Amend the Pending 2255 on October 11, 2006 (Dkt. #68).

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading must be "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962), stresses that this language of Rule 15(a) "is a mandate to be heeded." Yet *Foman* notes that leave may be denied if the proposed amendment is futile. *Id.* Other courts have held that an amendment need not be permitted if it would be subject to dismissal.

In Petitioner's Motion to Amend the Pending 2255, Petitioner argues that *Blakely v.*

*Washington*, 542 U.S. 296 (2004), is retroactively applicable to his sentence and that his sentencing score should therefore have been calculated differently. Although Petitioner made the same *Blakely* claim in his original *pro se* Motion to Vacate, the Motion to Amend, being submitted by and through Petitioner's counsel, presents a more thorough legal briefing on the matter.

Regardless, Petitioner's claim under *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005). *See Humphress v. U.S.*, 398 F.3d 855, 860 (6th Cir. 2005). In *Booker*, the Supreme Court held that the Sixth Amendment is violated when a sentencing judge imposes an enhanced sentence[1] under the United States Sentencing Guidelines, based on the judicial determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, 543 U.S. at 244. The Supreme Court's remedy for the unconstitutionality of the sentencing scheme was to excise the portion of the guidelines that made them mandatory. *Booker*, 543 U.S. at 259-60. Thus, prior sentencing by federal judges applying the Guidelines as mandatory could violate *Booker*'s requirement that the Guidelines be counted as advisory, even if the sentence did not exceed the maximum authorized by the facts established by a plea of guilty or a jury verdict. *Booker*, 543 U.S. at 259-60

Yet, the Sixth Circuit and other circuits have held that *Booker* does not apply retroactively to challenges under § 2255 to criminal cases that became final before January 12, 2005, the date *Booker* was issued. *Humphress v. United States*, 398 F.3d 855, 860-863 (6th Cir. 2005); *see also Guzman v. U.S.*, 404 F.3d 139 (2nd Cir. 2005); *Lloyd v. U.S.*, 407 F.3d 608 (3rd Cir. 2005), *U.S. v. Morris*, 429 F.3d 65 (4th Cir. 2005), *U.S. v. Gentry*, 432 F.3d 600 (5th Cir.

---

[1] An enhanced sentence is a sentence exceeding the maximum sentence authorized by the facts established in a guilty plea or jury verdict.

2005); *U.S. v. Cruz*, 423 F.3d 1119 (9th Cir. 2005).

Petitioner was convicted on his guilty plea on November 25, 2003 (Judgment, Dkt. # 43). Because he did not file a direct appeal, his conviction became final on December 10, 2003, the last day on which he could have filed an appeal. Therefore, *Booker* does not apply retroactively to Petitioner's Motion to Vacate, and Petitioner's claim under *Blakely* would be dismissed. In this case, the undersigned concludes that the proposed amendment (which involves more detailed legal briefing of the *Blakely* claim that was already raised) is futile because the Motion to Vacate, as amended, would still be subject to dismissal.

Accordingly, because Plaintiff's proposed amendments are futile, Petitioner's Motion to Amend/Correct the Pending 2255 should be denied.

**IV.** **ORDER**

For the reasons stated above, **IT IS ORDERED** that Petitioner's Motion to Amend/Correct the Pending 2255 (DKT. #68) **BE DENIED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

| | |
|---|---|
| Date: May 25, 2007 | s/Steven D. Pepe |
| Flint, Michigan | UNITED STATES MAGISTRATE JUDGE |

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>May 25, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system, which will send electronic notification to the following: <u>James Q. Butler and Mark C. Jones</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>not applicable</u>.

                                                      s/James P. Peltier
                                                      U.S. District Court
                                                      600 Church St
                                                      Flint, MI 48502
                                                      810-341-7850
                                                      pete_peltier@mied.uscourts.gov