UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC ALLEN PERRY,

    Petitioner,

                            Civil No.: 04-40237
                            Criminal No.: 00-CR-50071-02

vs.                             DISTRICT JUDGE PAUL V. GADOLA
                            MAGISTRATE JUDGE STEVEN D. PEPE

UNITED STATES OF AMERICA,

    Respondent.
_____/

**REPORT AND RECOMMENDATION ON
PETITIONER'S MOTION TO VACATE, CORRECT, OR ATTACK A SENTENCE
(DKT. #47)**

       On August 19, 2004, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence, which issued from his guilty plea pertaining to several drug offenses (Dkt. #47). Petitioner's motion was referred to Magistrate Judge Wallace Capel for Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) (Dkt. #55), and was subsequently transferred to the undersigned (Dkt. #70). Respondent filed a response to the motion on September 9, 2004 (Dkt. #49), and Petitioner filed a Traverse/Reply on October 12, 2004 (Dkt. #52). Petitioner also later filed a "Motion to Amend/Correct the Pending 2255," which was referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A).

       For the reasons stated below, **IT IS RECOMMENDED** that Petitioner Perry's motion to correct his sentence be DENIED.

1

## I. BACKGROUND

### A. Factual Background

Petitioner and Respondent stipulated to the following facts in the plea agreement in the underlying criminal matter:

> During the time frame of 1998 through the end of 2002, Eric Allen Perry conspired and agreed with Coianthoney Kleckley and other persons to distribute 50 to 150 kilograms of cocaine. In furtherance of the conspiracy, involving 5 or more persons, Eric Perry arranged the transportation of kilograms of cocaine from Los Angeles, California to Detroit-Metro airport in Romulus, Michigan for subsequent distribution in Flint, Michigan and elsewhere. Eric Perry also worked with several couriers who transported large amounts of cash generated from the sale of cocaine.
> On April 23, 2003, the defendant was driving a stolen 2002 GMC Yukon on northbound I-75 near Baldwin Road in the Eastern District of Michigan. He was stopped for a traffic violation. Inside of the vehicle, he knowingly had a loaded Glock 9 mm semi-automatic pistol, approximately 4 1/4 ounces of cocaine, and approximately 200 grams of marijuana. Eric Perry intended to distribute (sell) the cocaine and marijuana to other persons. The firearm was carried to protect the drugs. It was produced outside the state of Michigan.
> In 1993, Eric Allen Perry was convicted of the felony drug offense of Possession of Cocaine in Genesee County Circuit Court in the state of Michigan.

Rule 11 Plea Agreement, Dkt. # 37, pp. 5-6; Respondent's Answer and Brief in Response to Motion under 28 U.S.C. § 2255, Dkt. #49, Attachment #3, pp. 5-6.

### B. Procedural Background

On June 5, 2003, Petitioner was arraigned on a Second Superseding Indictment (Dkt. #31), charging: conspiracy to distribute cocaine (Count One), possession with intent to distribute cocaine (Count Two), possession with intent to distribute marijuana (Count Three), carrying a firearm during and in relation to a drug offense (Count Four), and being a felon in possession of a firearm (Count Five).

On August 7, 2003, Petitioner pled guilty to Counts One, Two, Three, and Five of the Second Superseding Indictment, pursuant to a Rule 11 plea agreement.

> Count One: Conspiracy to Distribute Cocaine
> Statutory Minimum Incarceration Period: 20 years
> Statutory Maximum Incarceration Period: Life
> 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii)
> Count Two: Possession with Intent to Distribute Cocaine
> 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)
> Statutory Minimum Incarceration Period: None
> Statutory Maximum Incarceration Period: Up to 30 years
>
> Count Three: Possession with Intent to Distribute Marijuana
> 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)
> Statutory Maximum Incarceration Period: Up to 10 years
> Statutory Minimum Incarceration Period: None
>
> Count Five: Felon in Possession of a Firearm
> 18 U.S.C. §§ 922(g) and 924(a)(2)
> Statutory Mandatory Incarceration Period: Up to 10 years
> Statutory Minimum Incarceration Period: None

Rule 11 Plea Agreement, Dkt. # 37. Count Four was voluntarily dismissed.

Petitioner was sentenced on November 25, 2003, to 20 years (240 months) imprisonment on counts one and two, and to 10 years (120 months) imprisonment on counts three and five, all terms of imprisonment to be served concurrently (Judgment, Dkt. # 43). Petitioner did not file a direct appeal, so his conviction became final on December 10, 2003, the last day on which he could have filed an appeal.

## II. PETITIONER'S MOTION TO VACATE HIS SENTENCE

### A. Standard of Review under 28 U.S.C. § 2255

A prisoner seeking relief under Section 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. U.S.*, 334 F.3d 491, 496-97 (6th Cir. 2003), citing *Weinberger v. United States*, 268 F.3d 346,

351 (6th Cir. 2001). Where the petitioner's motion alleges a non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

The procedural default rule does not apply to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. Yet, the statute "does not require a full blown evidentiary hearing in every

instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made.'" *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (*quoting United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (*quoting Engelen v. United States*, 68 F .3d 238, 240 (8th Cir.1995)). In sum, where the motion is inadequate on its face or, although facially adequate, is conclusively refuted by the files and records of the case, a hearing is not necessary. 28 U.S.C. § 2255; *Neal v. United States*, No. 94-2416, 1995 WL 325716, at *2 (6th Cir. 1995) (citing *United States v. Carbone*, 880 F.2d 1500, 1502 (1st Cir. 1989)).

    **B.**    **Discussion**

Petitioner argues that in light of *Blakely v. Washington*, 542 U.S. 296 (2004), his sentence is invalid under the Constitution (Dkt. #47, p. 4). He states:

> The Petitioner pled guilty to distribution of 5 kilograms of cocaine even though he only possessed 4 ounces and 7 grams. The US Probation Department found the Petitioner was liable for 50 to 150 kilograms. Thus enhanciong [sic] the Petitioner above the statutory maximum as cited in Blakely. The Petitioner was further enhanced by the Probation Department for Possession of a firearm pursuant to § 2D1.1(b).
>     The Petitioner states that the enhancements found by the US Probation Department and subsequently founded by the Sentencing Court were fatal error.
> In the Petitioner's judgment, his sentence should be reviewed and adjusted because: a change in the law occurred after the sentencing of the Petitioner; The sentence in this matter is in conflict with the United States Supreme Court's opinion in Blakely; Further, Blakely represents the Supreme Court's recognition of a new right, and that this right is clearly dictated by Apprendi v. New Jersey, 530 US 466 and this is not a new rule under Tague [sic] v. Lane, 4893 US 288, 301 (1989).

Dkt. #47, p. 4.

Petitioner's claim under *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005). *See Humphress v. U.S.*, 398 F.3d 855, 860 (6th Cir. 2005). In *Booker*, the Supreme Court held that the Sixth Amendment is violated when a sentencing judge imposes an enhanced sentence[1] under the United States Sentencing Guidelines, based on the judicial determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, 543 U.S. at 244. The Supreme Court's remedy for the unconstitutionality of the sentencing scheme was to excise the portion of the guidelines that made them mandatory. Thus, prior sentencing by federal judges applying the Guidelines as mandatory could violate *Booker*'s requirement that the Guidelines be counted as advisory, even if the sentence did not exceed the maximum authorized by the facts established by a plea of guilty or a jury verdict.

Yet, the Sixth Circuit and other circuits have held that *Booker* does not apply retroactively to challenges under § 2255 to criminal cases that became final before January 12, 2005, the date *Booker* was issued. *Humphress v. United States*, 398 F.3d 855, 860-863 (6th Cir. 2005); *see also Guzman v. U.S.*, 404 F.3d 139 (2nd Cir. 2005); *Lloyd v. U.S.*, 407 F.3d 608 (3rd Cir. 2005), *U.S. v. Morris*, 429 F.3d 65 (4th Cir. 2005), *U.S. v. Gentry*, 432 F.3d 600 (5th Cir. 2005); *U.S. v. Cruz*, 423 F.3d 1119 (9th Cir. 2005). As stated above, Petitioner's conviction became final on December 10, 2003, so *Booker* does not apply to Petitioner's Motion to Vacate. To the extent that Petitioner argues that his sentence violated his Sixth Amendment rights under *Blakely*, such claims should be dismissed.

---

[1] An enhanced sentence is a sentence exceeding the maximum sentence authorized by the facts established in a guilty plea or jury verdict.

Additionally, the facts pled by Petitioner in the first paragraph of his motion to vacate are either irrelevant or clearly contradicted by the record. First, Petitioner states that although he pled guilty to distribution of 5 kilograms of cocaine, he only possessed four ounces and seven grams. Yet, Petitioner makes no allegations that his plea was obtained unlawfully. Second, Petitioner argues that the Probation Department found that the Petitioner was liable for 50 to 150 kilograms of cocaine and for carrying a firearm. Petitioner fails to add that the Probation Department's findings were actually based on facts admitted by the Petitioner in his Rule 11 Plea Agreement:

> During the time frame of 1998 through the end of 2002, Eric Allen Perry conspired and agreed with Coianthoney Kleckley and other persons to distribute 50 to 150 kilograms of cocaine. . . Inside of the vehicle, he knowingly had a loaded Glock 9 mm semi-automatic pistol, approximately 4 1/4 ounces of cocaine, and approximately 200 grams of marijuana. . . The firearm was carried to protect the drugs.

Dkt. #47, p. 4.

Finally, Petitioner's sentence of 240 months was the minimum sentence permitted by statute for pleading guilty to Count One (conspiring to distribute 5 kilograms or more of cocaine). Petitioner's sentencing guideline range (as calculated by the Probation Department and accepted by the district court) was 188 to 235 months, falling below the statutory minimum term of imprisonment of 240 months for Count One.[2] Where the minimum required sentence under a criminal statute is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. U.S.S.G., § 5G1.1, 18 U.S.C. Petitioner was therefore sentenced in accordance with the Sentencing Guidelines, which were mandatory at the time, to the *statutory minimum* term of imprisonment possible for

---

[2] The penalty for conspiring to distribute 5 kilograms or more of a substance containing a detectable amount of cocaine, when the defendant has a prior felony conviction, may not be less than 20 years (240 months) imprisonment and may not be more than life imprisonment. 21 U.S.C. §§ 846, 841(b)(1)(A)(ii).

7

pleading guilty to Count One (conspiring to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)).

### III. PETITIONER'S TRAVERSE AND REPLY

After Respondent filed its Response to Petitioner's Motion, Petitioner raised several new issues for the first time in his Traverse/Reply (Dkt. #52).

> [T]he defendant petitioner's plea of guilty was involuntary in that he did not receive adequate notice of the offense. The Petitioner avers that [1] not only was the 50 to 150 kilograms not charged in the indictment, [2] Nor was an 851 notice of enhancement not charged within the indictment, but cousel [sic] failed to raise these issue's [sic] at the sentencing phase, although the petitioner made the court aware of this Sixth Amendment violation, Counsel William Swor failed to fully object to such meritorious issue's [sic] that the petitioner was not only enhanced by the court but was never given adequate notice of the offense. Had cousel [sic] objected to such errors, the petitioner would have only receive [sic] a Base offense level of 15, resulting in a 21-27 month sentence, which shows that counsel performed well below his professional standards, sense [sic] the petitioners plea of guilty was involuntary because he did not understand the nature of the Constitutional protection's [sic] that he is waiving, or Because he had such an incomplete understanding of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense.

Dkt. #52, p. 3-4

Furthermore, Petitioner also requests in his Reply that the court consider his original motion to vacate his sentence "under the umbrella of ineffective assistance of counsel." Dkt. #52, p. 4.

> [Petitioner] assumed that all claims on a § 2255 were presented on the basis of ineffective assistance of counsel. The Supreme Court has already held that a pro se petitioner should not be held to the standard's [sic] of a schooled attorney, Hanes v. Kerner, (404 U.S. 519, Jan. 13, 1972. Therefore, the petitioner submit's [sic] that his claim be reviewed under the umbrella of ineffective assistance of counsel. Even though if reviewed is slightly modified, the Standards are identical, Compare, United States v. Frady, 456 U.S. 152, 164 and 167 (1982) to Strickland v. Washington, 466 U.S. 688 (1994), showing cause and prejudice must be and has been proved to succeed on collateral attack. . . .

8

*Id.*

Essentially, Petitioner attempts to raise four new claims in his reply, namely, (1) that his plea was involuntary because he did not understand the charges against him; (2) that he did not have notice of enhancement; (3) that he should have been charged with distribution of 50 to 150 kilograms in the indictment; and (4) that his counsel was ineffective. The Sixth Circuit has not yet addressed the issue of whether a habeas petitioner may raise new claims in the reply, but other courts have determined that a reply is not the proper pleading to raise new issues, because it does not adequately notify the state of the claim or permit the state an opportunity to oppose it. *Taylor v. Mitchell*, 296 F. Supp.2d 784, 798 (N.D. Ohio 2003) (citing *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994); *Jack v. Randall*, No. C-2-99-947, 2000 WL 1456992, at *7 (S. D. Ohio June 20, 2000) (prohibiting habeas petitioner from asserting new claim in traverse to which respondent had no opportunity to respond)). In this case, Petitioner's new claims are either refuted by the court record or are subject to dismissal as a matter of law. Therefore, Respondent is not prejudiced by the consideration of these new claims.

### A. Involuntary Guilty Plea

Petitioner's first argument, that his guilty plea was involuntary because he did not have adequate notice of the charges, is clearly contradicted by the court record. Accordingly, no evidentiary hearing is required on the issue. *See Arredondo v. United States*, 178 F.3d at 782. First, the superseding indictment, which Petitioner claimed to have reviewed with his counsel, provided thorough descriptions of the conduct underlying the offenses for which Petitioner was charged. For example, Count One was put forth in the indictment as follows:

COUNT ONE
That from about 1998 until the return of this indictment, in the Eastern

> District of Michigan and elsewhere, COIANTHONEY YASIN KLECKLEY and ERIC ALLEN PERRY, defendants herein, did knowingly, intentionally, and unlawfully conspire, combine, confederate and agree with each other and other person to distribute 5 kilograms or more of powder cocaine, a Schedule II controlled substance;
>
> That defendant ERIC ALLEN PERRY committed this offense after a prior conviction for a felony drug offense had become final; that is, he was convicted in 1993 of Possession of Cocaine Genesee County Circuit Court in the State of Michigan; and
>
> That the foregoing was in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(ii).

Dkt. #31, pp. 1-2. Second, when questioned by the court at his plea hearing, Petitioner confirmed that he had read the charges against him and had discussed them with his attorney.

> THE COURT: All right. Have you received and read over carefully a copy of the written charges or accusations against you in this case? It's called a second superseding indictment?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: All right. And have you fully discussed those charges as contained in that second superseding indictment and fully discussed this entire case with Mr. Swor, your attorney?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Having yourself read over the charges in the second superseding indictment, and having discussed those charges with your attorney, and having discussed the entire case with Mr. Swor, do you believe that you fully, thoroughly, and completely understand the charges made against you, and that you fully, thoroughly, and completely understand this entire case?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Have you been fully satisfied with the manner in which Mr. Swor has represented you, and counseled you, and advised you in this case?
> THE DEFENDANT: Yes, Your Honor.

Dkt. #73, p. 7.

The court then paraphrased each charge against Petitioner, in simple language, and detailed each element that the government would have to prove in order to convict him (Dkt. #73, pp. 8-12). Subsequently, the court proceeded to review the possible penalties for each count against Petitioner in an identical fashion (Dkt. #73, pp. 13-15). For example, the court made explicit that by pleading guilty to Count One, Petitioner would be subject to a term of

imprisonment of 240 months:

> THE COURT: Now let's go over the possible penalties in this. On Count 1, the charge of conspiracy to distribute cocaine. On that particular count on your conviction you could, under the statutes that apply in this case, be sentenced to serve as much as the remainder of your life in a federal prison. Do you understand that?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And <u>there's the statutory mandatory minimum prison sentence for that offense of 20 years in a federal prison. Do you understand that</u>?
> THE DEFENDANT: <u>Yes, Your Honor.</u>
> THE COURT: Also under the statute there is a - - a fine that could be imposed in addition to a prison sentence. And that fine could be as much as $8,000,000. Do you understand that?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Also on that particular charge after you're released from prison you would be required to serve a term of supervised release. And that term of supervised release would be for at least ten years. Do you understand that?
> THE DEFENDANT: Yes, Your Honor.

Dkt. #73, pp. 12-13 (emphasis added).

The clear language of the superseding indictment and the transcript of the plea hearing demonstrate that Petitioner had adequate notice of the offenses to which he pled guilty and the punishment that would result from conviction on those counts. The trial court ensured that Petitioner entered into the plea agreement intelligently, by reviewing the agreement in detail with Petitioner and repeatedly inquiring as to whether he understood the charges. Petitioner never raised any objections to or questions about the plea agreement during colloquy with the judge.

### B.     Notice of Enhancement

Petitioner argues that he did not receive an "851 notice of enhancement," referring to the filing of an information under 21 U.S.C. § 851.[3] Again, the court record clearly contradicts

---

3      Section 851(a)(1) of 21 U.S.C. provides in part:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial,

11

Petitioner's claim. On May 16, 2003, the U.S. Attorney did in fact file, before Petitioner's entry of a guilty plea, a notice of penalty enhancement based on Petitioner's prior drug-related felony conviction (Dkt. #32). The prior conviction also appears in Count One of the Second Superseding Indictment, and Petitioner has stated that he read the indictment carefully and reviewed it with his attorney (Dkt. #73, p. 7). At no point did Petitioner contest the validity of this conviction. The Rule 11 plea agreement, which Petitioner also affirmed that he had read and reviewed, states clearly that the minimum sentence for Count One was the enhanced sentence of 240 months imprisonment. The factual record reflects that Petitioner did have notice of the enhanced statutory minimum sentence under the 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)

### C. Petitioner Should Have been Charged with Distribution of 50 to 150 Kilograms of Cocaine in the Indictment

Petitioner again contests the amount of cocaine (of 50 to 150 kilograms) used to calculate his base offense level, arguing that such amount should have been included in the indictment against him. As stated above in Section IIB (p. 7) of this report and recommendation, Petitioner admitted in his Rule 11 plea agreement to conspiring to distribute 50 to 150 kilograms of cocaine and to carrying a firearm to protect the drugs in his possession. Petitioner reiterated at his plea hearing that he conspired to distribute 50 to 150 kilograms of cocaine:

> THE COURT: Mr. Jones, any additional question you wish to put to - - to Mr. Perry? There's a question about quantity, I think you might want to go into.
> MR. JONES: Well, Your Honor, it does include that. Mr. Perry, in terms of the agreement there, there was an agreement to distribute 50 to 150 kilograms of cocaine. Is that correct as reflected at the bottom of Page 5 a part of Paragraph 4C?
> THE DEFENDANT: Yes, Your Honor. I mean yes, Mark.

---

or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

>                MR. JONES: All right. And then you have in front of you Pages 5 and 6.
>         Mr. Swor has those in front of you and you've carefully reviewed that before
>         signing it today, Mr. Perry?
>                THE DEFENDANT: Yes, I did, Mark.
>                MR. JONES: And do you agree all those facts are - - are accurate?
>                THE DEFENDANT: Yes.

Dkt. # 73, pp. 50-52. Both components used to calculate Petitioner's base offense level (conspiracy to distribute 50 to 150 kilograms of cocaine and possession of a firearm) (Dkt. #49, Attachment #3) were admitted by the Petitioner in his plea agreement (Dkt. #37), and not by judicial fact-finding.

### D.      Ineffective Assistance of Counsel

#### *1.      Standard*

The Supreme Court has established a two-prong test for determining whether counsel's performance was ineffective for Sixth Amendment purposes:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction. . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In evaluating alleged prejudice resulting from ineffective assistance of counsel, "[i]t is not enough. . . to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Ibid.* (citation omitted). Rather, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional

13

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The standard to be applied is not that of a hypothetical perfect counsel, but that of reasonably effective counsel under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. The fundamental test of effective assistance of counsel is whether counsel "bring[s] to bear such skill and knowledge as will render the trial a reliable adversarial testing process." *Id.*

When evaluating counsel's performance under the *Strickland* test, the Sixth Circuit has emphasized that "[a] reviewing court must give a highly deferential scrutiny to counsel's performance . . ." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). This is based on the well-established principle that legal counsel is presumed competent. *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989), *aff'd denial of post-conviction relief*, 972 F.2d 348 (6th Cir. 1992), *cert. denied*, 507 U.S. 917 (1993). As the Court in *Strickland* stressed:

> it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

466 U.S. at 689.

### 2. *Discussion*

Petitioner appears to argue that his counsel was ineffective for failing to raise the following issues at the sentencing: (1) that the factor on which his base offense level of 36 was calculated (distribution of 50 to 150 kilograms of powder cocaine) was not included in the indictment, and (2) that he never received notice of penalty enhancement for a prior conviction.

Regarding the drug amount used to calculate Petitioner's base level, the records have shown, as outlined above in Sections IIB (page 7) and IIIC (pages 12-13) of this report and recommendation, that counsel could not have objected at the sentencing to the drug amount of 50 to 150 kilograms, because Petitioner stipulated to such amount in his plea agreement.

Regarding the notice of penalty claim, Petitioner's counsel could not have objected to a lack of notice, because it would have been a patently frivolous objection. "Section 851 was designed to satisfy the requirements of due process and provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." *United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997) (citations omitted). As shown above in Section IIIB (pages 11-12) of this report and recommendation, the court record reflects that Petitioner in this case clearly had such notice.

Regardless, courts are not required to conduct an analysis under both prongs of the ineffective assistance of counsel inquiry. *Mallett v. U.S.*, 334 F.3d 491, 497 (6th Cir. 2003). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697; *see also Kinnard v. U.S.*, 313 F.3d 933, 935 (6th Cir. 2002). As stated above, Petitioner entered into his guilty plea intelligently, with full knowledge of the mandatory statutory minimum sentence of 20 years imprisonment that would result if he pled guilty to Count One. Count One constitutes the most severe sentence of all the counts against Petitioner. Assuming that counsel could have somehow been able to secure a shorter sentence guideline range, which may have reduced the sentence for the other counts, Petitioner would still have been sentenced to the statutory minimum sentence of 20 years imprisonment for Count One. Because Petitioner is serving all of his prison terms concurrently, no change in the sentencing guideline range could have affected the fact that Petitioner would

have had to spend at least 20 years in prison. Petitioner's ineffective assistance of counsel claim regarding his attorney's performance at the sentencing must therefore fail, because Petitioner cannot show that obtaining a shorter sentencing guideline range would have caused any prejudice.

E. Actual Innocence

In a subsection of his Traverse/ Reply entitled "Actual Innocence," Petitioner states:

> Not only has the petitioner shown this court that there has been a violation of his Sixth Amendment Rights, by the government not submitting all of the facts that enhance's [sic] or increase's [sic] his sentence to the Grand Jury, but also has shown that an intervening change in law has occured [sic], Therefore making him actually innocent of the so called offense and ask's [sic] this Honorable Court to vacate and remand his case for re-sentencing.

Dkt. #52, p. 2. The above section, read in conjunction with Petitioner's argument about the retroactivity of *Blakely* that follows in the Traverse/Reply (Dkt. #52, p. 3), demonstrates that Petitioner is not actually making an actual innocence claim. Instead, it appears that Petitioner is again arguing that, after *Blakely v. Washington*, 542 U.S. 296 (2004), Petitioner's sentence was invalid and that he should be re-sentenced. As stated above in Section IIB (page 6) of this report and recommendation, *Blakely v. Washington* has no application to the case at hand.

IV. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. #47) **BE DENIED.**

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within

the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: May 25, 2007                                              s/Steven D. Pepe

Flint, Michigan                                              UNITED STATES MAGISTRATE JUDGE

### CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system, which will send electronic notification to the following: James Q. Butler and Mark C. Jones, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

                                          s/James P. Peltier
                                          U.S. District Court
                                          600 Church St
                                          Flint, MI 48502
                                          810-341-7850
                                          pete_peltier@mied.uscourts.gov